IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> ZAYO GROUP LLC, ) <br> ) <br> *Defendant.* ) <br> ) | Civil Action No. 1:21-cv-1299 <br> Hon. Liam O'Grady |

## MEMORANDUM OPINION

**Introduction**

      This matter comes before the Court on the Plaintiff's Motion for Judgment and Entry of Judgment. Dkt. 61. The Motion was filed in response to the Court's previous Order confirming the arbitration of a dispute between the Parties. *See* Dkt. 60. The current Motion has been fully briefed and the matter is ripe for consideration.

**Background**

      The Parties were unable to resolve a contract dispute governing the use of the land that was leased to the Defendant, Zayo Group LLC ("Zayo"). Zayo is a telecommunications company that operates an underground fiber optic cable located on the leased property. Dkt. 1 at 4. The Plaintiff, Norfolk Southern Railway Company ("Norfolk Southern") is a railroad company that

1

owns the leased property that lies in parallel to a railroad line which runs from Manassas, Virginia to Alexandria, Virginia. *Id.* The agreement between the Parties (hereinafter referred to as the duct lease) contained an arbitration agreement to assess the value that the rent would increase in the event that the duct lease was extended. *Id.* In its previous Order, the Court found that the arbitration mechanism was final, binding, and enforceable. Dkt. 59 at 10. Norfolk Southern has now moved for judgment, at the Court's request, for a monetary award equal to unpaid invoices for the rental value as well as a declaratory judgment that Zayo is obligated to continue making payments under the terms of the duct lease. *See* Dkt. 62 at 2.

**Discussion**

Federal Rule of Civil Procedure 12(c) allows for any party to move for judgment after the pleadings have been presented to the Court. A motion under Rule 12(c) is evaluated under the same standard as a motion under Rule 12(b)(6). *Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013) (*ref, Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). In evaluating the motion, a district court may consider documents attached and integral to the complaint—so long as the authenticity of those documents is not disputed. *Chapman v. Asbury Auto. Grp. Inc.*, 2016 U.S. Dist. LEXIS 121043 at *3 (E.D. Va. September 7, 2016).

The Defendant has opposed the Plaintiff's Motions on the basis that 1) it is improper procedurally and 2) the Motion improperly asks the Court to enter an injunction. For the reasons set forth below, these arguments are unpersuasive.

The Court previously granted the Plaintiff's Motion to Confirm an Arbitration Award under 9 USC §13. Dkt. 60. In that Order, the Court directed the Plaintiffs to file a Motion for

identifying the amount of relief they sought. The Plaintiffs have now filed a Motion for Judgment on the Pleadings 12(c).[1] Granting a Motion for Judgment under 12(c) will result in an analogous remedy to remedy that will be awarded by the confirmation of the Arbitration already decided by the Court. In practical effect, confirming the Arbitration has resulted in the declaratory relief sought by the Plaintiff as well as allow the Court to enforce payment of the outstanding rent owed to the Plaintiff in accordance with 9 USC §13. Accordingly, the Court finds that it was procedurally proper for the Plaintiff to file the instant Motion.

There is no dispute between the Parties that the duct lease is an authentic valid contractual agreement. The Parties are and will continue to be bound by the terms of the duct lease as agreed. The value of the rent owed under the terms of the duct lease has been established by Section 4(b) of the duct lease. The Court has already held that the arbitration defined in this clause of the duct lease is valid, final, and binding. Dkt. 59 at 10. Zayo has set forth no practical basis that Zayo will not continue to be bound by the terms of the lease.[2]

The Order accompanying this Memorandum Opinion will only award the Plaintiff 1) declaratory relief that the Arbitration Clause is valid and 2) monetary relief already owed to the Plaintiff in accordance with the Federal Arbitration Act. An order that will result in future monetary payments is not an equitable remedy that requires the same preconditions required for an injunction. *See Portsmouth Redevelopment & Hous. Auth. v. BMI Apartment. Assocs.*, 847 F. Supp. 380, 385 (E.D. Va. 1994) (citing *Jaffee v. United States*, 592 F.2d 712, 715 (3d Cir. 1979)). The Court's Order is entered pursuant to the Federal Arbitration Act. 9 USC §13 ("The

---

[1] The Defendants have filed an Answer to the Complaint. Dkt. 44.
[2] Every basis asserted by Zayo as an affirmative defense or in a counterclaim is a challenge to the validity of the binding arbitration clause. These contentions have been fully addressed in the Court's previous Memorandum Opinion. Dkt. 59.

judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.")

April 21, 2022  
Alexandria, Virginia

Liam O'Grady  
United States District Judge